UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | NO.   05-CR10020-RCL |
| | ) | |
| DICH TRIEU | ) | |

DEFENDANT'S SENTENCING MEMORANDUM

The Defendant submits this memorandum in support of a recommendation that the court impose a sentence of probation which is "sufficient, but not greater than necessary, to comply with the purposes [of sentencing]...." 18 U.S.C. §3553.

Prior Proceedings

On January 1, 2005, an information was filed in the United States District Court of Massachusetts (Boston), charging the Defendant Dich Trieu ("Trieu") with a willful failure to keep tax records and to supply tax information pursuant to 26 U.S.C. §7203 (a misdemeanor). Trieu appeared before the Court on March 23, 2005, and pled guilty to the information, pursuant to a plea agreement. Trieu was released on conditions, pending a sentencing hearing, initially scheduled on August 29, 2005. The sentencing hearing was subsequently continued to January 1, 2006, and again to June 19, 2006.

Argument

In this case, an appropriate disposition for Defendant, in light of the purposes of sentencing outlined in 18 U.S.C. §3553, would be a sentence of probation.

A sentencing court is directed to impose a sentence which is "sufficient, but not greater than necessary, to comply with the purposes [of sentencing]", as outlined in 18 U.S.C. §3553.

The statute provides as follows: "[I]n determining the particular sentence to be imposed, [the court] shall consider:

1. the nature and circumstances of the offense and the history and characteristics of the defendant;

2. the need for the sentence imposed (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational and vocational training, medical care, or other correctional treatment in the most effective manner;

3. the kinds of sentences available;

4. the kinds of sentences and the sentencing range established for (A) the applicable category of offense committed by the applicable category of defendant as set forth in [the Sentencing Guidelines]....;

5. any pertinent policy statement issued by the Sentencing Commission...;

6. the need to avoid unwarranted sentencing disparities among defendants with similar records, who have been found guilty of similar conduct; and

7. the need to provide restitution to any victims of the offense". Id.

Following the Supreme Court's decision in United States v. Booker, 125 S.Ct. 738 (2005), the Sentencing Guidelines are merely advisory, and may be considered, along with other sentencing factors enumerated in 18 U.S.C. §3553, in the context of the overriding principle that a sentence should be "sufficient, but not greater than necessary" to fulfill the "need for the sentence imposed".

### *Nature And Circumstances Of Offense*

The overall scheme involving co-defendants Wallace, McElroy, Aimee King McElroy, Xieu Van Son, and Trieu is described in the Pre-Sentence Report (PSR) [paragraphs (8) to (11)]. Trieu had no knowledge of the extensive fraudulent activities of the co-defendants in creating a shell corporation for the purpose of defrauding insurers and the government. His offense

consists of failure to obtain Social Security numbers from employees whom he hired from a branch office in Lowell. He was directed by co-defendants Wallace and McElroy, and had no real duties or authority as the nominal owner of Pro Temp.

### *History And Characteristics Of Defendant*

The history and characteristics of the Defendant are set forth in paragraphs (64) through (92) of the PSR.

It is noteworthy that Trieu was trained as a Buddhist monk in Cambodia, and thereafter worked with American Special Forces in Vietnam (where he was born). He was sent to Cambodia by the American Army and assisted in the training of Cambodian forces. For his services, he received a letter of commendation from the Department of the Army. When the Communists took over Vietnam and the Khmere Rouge assumed power in Cambodia, Trieu fled to Thailand, and thence to the United States. Thereafter, he has led a law-abiding and productive life until his involvement in the offense to which he has pled guilty.

### *The Need For The Sentence Imposed*

It is noteworthy that a sentence of probation would adequately reflect the seriousness of the offense, promote respect for the law, and provide just punishment. The sentence would also afford adequate deterrence. Trieu is greatly appreciative of the advantages which life in the United States has offered him and his family, particularly in light of his status as a refugee. He has demonstrated his loyalty and service to the United States during the Vietnam War era. While he accepts responsibility for and deeply regrets the offense he has committed, it must be said that he was largely the dupe and pawn of others in this criminal activity in which he was a minor

participant. He has cooperated with the Government fully in its prosecution of others in this offense (the Government has filed a §5K1.1 motion). Trieu has agreed to continue to do so in the future. It is unlikely that Trieu will ever commit another criminal offense, given his extreme mortification and regret over the past five years of this investigation and court proceedings. Incarceration is not needed to deter Trieu, nor would it serve to "protect" the public.

*Available Sentences*

The maximum term of imprisonment for a misdemeanor is one year [PSR (98)].

The Defendant may also be sentenced to a term of probation, not to exceed 5 years [PSR (106)].

*Advisory Guidelines*

The Probation Officer has computed the Total Offense Level (TOL) to be 19. It is to be noted that the offense level is largely driven by the tax loss attributed to the overall enterprise from which Trieu derived little benefit and had no knowledge. In addition, 2 levels have been added as a result of sophisticated concealment in which, again, Trieu had no active participation or knowledge.

The offense of which the Defendant stands convicted is a misdemeanor for which the maximum term of imprisonment is one year. The Guideline Sentence is thus twelve (12) months [PSR (99)].

The Government has filed a motion under U.S.S.G. §5K1.1 for a departure from the Guidelines as a result of substantial assistance. As a result, pursuant to the plea agreement,

4

Defendant has not made a motion for downward departure based upon the claim that the Guidelines overstate the Defendant's culpability and that the Defendant's personal background and extraordinary service to this country warrant a lesser sentence. Instead, these arguments will be presented in the context of an appropriate sentence under 18 U.S.C. §3553.

### *Policy Statements Of Sentencing Commission*

The Government has filed a motion for downward departure under U.S.S.G. §5K1.1, which provides that "[u]pon motion of the government stating that the defendant has provided substantial assistance in the investigation or prosecution of another person who has committed an offense, the court may depart from the guidelines."

### *Unwarranted Sentencing Disparities*

This factor is not an issue in this case.

### *Restitution*

This factor is not an issue in this case [PSR (114)].

### Conclusion

In consideration of the applicable mandatory sentencing factors – i.e., the nature and circumstances of the offense, history and characteristics of the Defendant, the need for a sentence, the advisory guidelines (with appropriate departure), and the policy statement of the Commission as reflected in U.S.S.G. §5K1.1 – a sentence of probation is appropriate in this case. Such a sentence would fulfill the statutory mandate that a sentence be "sufficient, but not greater than necessary, to comply with the purposes [of sentencing]. . . ." 18 U.S.C. §3553(a).

DEFENDANT
By his attorney

/s/ John F. Palmer
John F. Palmer
Law Office of John F. Palmer
24 School Street, 8th Floor
Boston, MA 02108
(617)723-7010
BBO# 387980

Dated: June 16, 2006

CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered parties on June 16, 2006.

/s/John F. Palmer